Bead, J.
The first error assigned will not be considered. The count under which the evidence was offered that was rejected by the court, has been abandoned and forms no part of the record. The special matter which was rejected was inserted in a second count which was added on leave to amend the declaration, to which count a general demurrer was put in. Thus, in either form, the same legal questions are brought to the consideration of the court.
A determination of the following questions must determine this case:
1. Is a verbal policy known to the law of insurance?
2. Is a verbal waiver of forfeiture binding?
3. If an end be put to a policy before the time limited for its expiration by a determination of the interest of the insured by transfer, will a verbal agreement of the underwriter, on demand and refusal to abate the premium for the unexpired time, that if the insured will repurchase the interest the policy shall continue to attach for the original time limited, bind the underwriter for a loss which may accrue afterward, but within the original time limited, either upon the original policy, or such verbal agreement?
The last proposition involves the two first, and presents the additional feature, as to whether a verbal agreement can revive and continue a policy which had been put an end to by a judicial sale of his interest, in case of a re-acquisition of such interest by the insured. This feature was regarded by counsel as novel, and worthy of consideration by the whole court. As to the first proposition :
Insurance is a branch of the law merchant, and its nature and principles spring from commercial usage, to which we are to look *138 for tbe forms and mode in which it is reduced to practical action, in cases not determined by positive decisions or the rules of municipal law. The form of giving ^effect to the indemnity, is by a written instrument, containing the consideration, terms, and stipulations of the contract of indemnity between the underwriter and' tbe insured, called a policy. It is universal commercial usage, that this policy shall be in writing, and there is no exception to it in positive decision or municipal regulation. Such a thing as a verbal policy is unknown to the law of insurance. All the books upon the subject, and decisions, unite in declaring that a policy must be in writing. And in every instance where the municipal law has created and empowered corporations to enter upon the business of insurance, it has required that the contract of insurance, or the policy, should be in writing, and signed by the parties to be bound. It is so in the act incorporating the insurance company now in question. To hold that there could be1 sneh a thing as a verbal policy would be contrary to all commercial usage, and the authority of all the books and decisions, and in this case would be in opposition to the spirit and express requirements of the act of our legislature creating the company. It may bo said that this act is directory only to the officers of the-company, and that a failure to comply with its requisitions on-their part, ought not to relieve the company from a compliance with a verbal contract entered into on their part, upon full consideration. That it is no hardship to compel men to comply with their contracts. The reply to this is, that it not only contradicts all the settled notions upon this subject contained in the books- and decisions, and universal usage, but the statute itself declares that the contract or policy being so “ signed and attested ” as is designated in the act, “shall be binding and obligatory upon the corporation without the seal thereof.” But without the act we should hold that a policy of insurance upon the principle of general usage must be in writing, as supported and declared by universal adjudication.
As to the second point. A waiver of forfeiture must be in writing. This point is established by the decisions referred *to by the plaintiff, and by commercial usage. There is no decision to the contrary, and we do not feel at liberty to depart from a principle of universal recognition, in a matter of commercial law.
*139 As to the third point. If the verbal agreement be considered a. new policy, or a waiver, it is invalid, as we have stated. But it is stated that the policy did not become extinct by the act of sale, because it might have been assigned to the new purchaser by the assent of the company. We can not adopt this reasoning. The policy was at an end by the transfer of the entire interest of the insured by judicial sale. Upon a loss happening after the sale, no one could.have enforced the original policy; it was at an end; or at least its obligation was destroyed by a determination of tho interest of the insured. The boat was discharged of the policy. The repurchase of the boat by the insured would not reinstate the policy. It required some further act to be done. If the determination of the interest of the insured was a forfeiture merely of the policy, that could only be waived by a written instrument to-that effect. If this was not a forfeiture which could be waived, but an entire destruction of the policy, the agreement was equivalent to a new policy, and should have been in writing. But it is-said that, as the old policy attached to the same boat, and the names and interest of the parties were the same under the repurchase, it might, under the verbal agreement, be considered as a new policy for the unexpired time. But to have given it effect as a new policy, it should have been delivered as such. This was not done. The parties evidently treated the judicial sale as a forfeiture, and the verbal agreement as a waiver of such forfeiture. In this view it is invalid, as the waiver should have been in writing. But it may be said that this was not a waiver of forfeiture, but a parol agreement that the old policy which had been severed from the boat by the transfer, should re-attach and continue for the unexpired time, on a repurchase of the boat. This gives to the verbal agreement the force and effect *of a new policy; it is the verbal agreement which re-attaches the policy, and gives it life and obligatory force. The policy was at an end; and the same reasons which would require the original policy, or a waiver of forfeiture to be in writing, would require an agreement of this sort to be in writing, even if it can be considered in any other light than a waiver of a forfeiture.
In view of all the facts relied upon by the plaintiff, we see no mode in which he could recover without violating well-established; principles in the general law of insurance, and the spirit, if not the letter, of the act incorporating this company. Judgment affirmed.